ORME, Judge
(concurring specially):
21 Judge Toomey and I join in affirming the trial court's decision-not because we think it was the right decision but because of our deferential standard of review. Skeptics believe that appellate standards of review do not really matter; that appellate judges pay lip service to standards of review but then decide cases as they please without real regard for the applicable standard of review. Our votes in this case demonstrate that standards of review really do matter.
122 To explain, were either of us the trial judge, we would have granted the motion for a further change of venue. Our rationale would be that the big decision had already been made-the decision to move the case from the county where the cause of action arose to some other county in the Fourth District. That decision having been made, notwithstanding the opposition of IPP who was anxious to hold on to its home-court advantage, we would be much less fussy about which other county in the Fourth District might be the best destination for the retrial of this case. And we would be persuaded that in moving venue from Millard County to adjacent Juab County, only one county north, it had not been moved far enough from IPP's preferred venue. And *709 IPP's determined opposition to a further move-to a locale that would be closer to its local attorneys' offices and closer to the international airport that serves the many out-of-state experts. and attorneys involved in the case-would tend to confirm our assessment.
{23 We would also not be too quick to conclude that the juror problem in the first trial was a complete fluke. Both of us would consider it entirely possible that the dairy versus-power-plant controversy would be a much bigger deal in rural Juab County than in the now largely urban Utah County. The drama that has played out in Millard County and in Juab County would be a nonissue in Utah County, maximizing the chanees for empaneling an impartial jury and minimizing the chances for yet another mistrial. We are not saying a fair trial in Juab County is impossible-only that a fair trial in Utah County is at least somewhat more likely. And that would be enough for us, given that the difficult decision had already been made, namely, the decision to move the trial from the county where the cause of action arose to some other county.
{24 But neither of us was the trial judge. And we do not review a trial judge's change of venue decision de novo but only for an abuse of discretion. We readily join our colleague in concluding that the trial judge did not abuse his discretion in ruling as he did. He considered all the relevant factors. He explained the basis for his decision in some detail. He explained why he reversed himself after his false start was called to his attention. -In short, while we think the trial judge made the wrong call, it was, in its essence, a discretionary call-and one that was within the broad range of discretion entrusted to him.